UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL ANDERSON,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    Case No. 3:17-cv-312 (VAB) |
| | : |
| SCOTT SEMPLE, ET AL.,<br>    Defendants. | :<br>: |

## **RULING AND ORDER**

Michael Anderson ("Mr. Anderson" or "Plaintiff"), currently incarcerated at the Osborn Correctional Institution in Somers, Connecticut, filed a motion to proceed *in forma pauperis* and a civil rights Complaint against Commissioner Scott Semple, Wardens Kimberly Weir, William Faneuff, and Antonio Santiago, and Director of Parole and Community Services Joseph Haggan. ECF Nos. 1, 2. On May 10, 2017, the Court granted Mr. Anderson leave to proceed *in forma pauperis*. ECF No. 13. For the reasons set forth below, the Court vacates the order granting Mr. Anderson leave to proceed *in forma pauperis* and denies the motion for leave to proceed *in forma pauperis*.

The Prison Litigation Reform Act amended the statute governing proceedings filed *in forma pauperis*. In relevant part, Section 804(d) of the Prison Litigation Reform Act amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

It has recently become apparent to the Court that this provision of the Prison Litigation Reform Act requires the denial of Mr. Anderson's motion to proceed *in forma pauperis*. Mr.

Anderson previously has had three cases dismissed as frivolous. *See Anderson v. Matos*, 3:05-cv-1669 (PCD) (complaint dismissed for failure to state claim on November 21, 2005, and court declined to reopen case because amended complaint failed to state claim on December 20, 2005); *Anderson v. Chief Court Administrator, et al.*, 3:14-cv-1691 (JBA) (complaint dismissed as frivolous, malicious or for failure to state claim on December 23, 2014); and *Anderson v. Commissioner Scott Semple, et al.*, 3:15-cv-764 (AVC) (amended complaint dismissed as frivolous, malicious or for failure to state claim on January 26, 2016).

Mr. Anderson signed the Complaint on February 10, 2017, and the Clerk received it for filing in this action on February 21, 2017. ECF No. 1. Because the three-strikes provision applies in this case, Mr. Anderson may not bring the present action without pre-payment of the filing fee, absent allegations of "imminent danger of serious physical injury." *See Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) (holding that an "indigent three-strikes prisoner [may] proceed IFP in order to obtain a judicial remedy for an imminent danger").

Mr. Anderson must meet two requirements. He must show (1) the imminent danger of serious physical injury he alleges is fairly traceable to unlawful conduct alleged in the complaint and (2) that a favorable judicial outcome would redress the injury. *See id.* at 296-97. In addition, the danger of imminent harm must be present at the time the complaint is filed. *See id.* at 296.

Mr. Anderson asserts claims related to his re-incarceration on violation of parole charges in April and November 2016 and his confinement at Hartford Correctional Center as of February 10, 2017, without the opportunity to post bail to secure his release. For relief, Mr. Anderson seeks release from confinement and monetary damages.

Mr. Anderson does not allege that he faced imminent danger of harm at the time he filed this action. Thus, the exception to 28 U.S.C. § 1915(g) is not applicable. Accordingly, the motion to proceed *in forma pauperis* is denied.

## Conclusion

The Order granting Mr. Anderson's Application to Proceed *In Forma Pauperis*, ECF No. 13, is **VACATED**.

**The Clerk is directed to contact the Connecticut Department of Correction and request that any funds collected from Mr. Anderson's inmate account under Mr. Anderson's Prisoner Authorization Form be returned to Mr. Anderson.** No further funds shall be collected from Mr. Anderson's prisoner account under the Prisoner Authorization Form.

Mr. Anderson's Application to Proceed *In Forma Pauperis*, ECF No. 2, is **DENIED** under 28 U.S.C. § 1915(g). The pending motions, ECF Nos. 8, 9, 14, 16, are **DENIED** without prejudice.

All further proceedings in this matter shall be held in abeyance for twenty (20) days pending Mr. Anderson's delivery of the filing fee in the amount of $400.00 (cash, bank check or money order made payable to the Clerk of Court) to the Clerk's Office, 915 Lafayette Boulevard, Bridgeport, CT 06604. Failure to tender the filing fee within twenty (20) days from the date of this Order will result in the dismissal of this action.

SO ORDERED at Bridgeport, Connecticut this 13th day of November 2017.

_____
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE